NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000460
27-JUN-2013
08:25 AM

NO. CAAP-11-0000460

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

In the Matter of Attorney's Fees Pertaining to
JOHN C. MCLAREN, Appellant,
in the case of
ETSUKO FURUKAWA, Claimant,
v.
PARADISE INN HAWAII LLC, Employer,
and
FIRST SECURITY INSURANCE COMPANY OF
HAWAII, INC., Insurance Carrier

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2010-341 (2-07-45923))

MEMORANDUM OPINION
(By: Foley, Presiding J., Fujise and Ginoza, JJ.)

Appellant John C. McLaren (McLaren) appeals from (1) a
March 21, 2011 decision and order by the Labor and Industrial
Relations Appeals Board (LIRAB)and (2) a May 11, 2011 order
denying McLaren's motion for reconsideration. The LIRAB
concluded McLaren's appeal was untimely, and it affirmed a
decision by the director of the Department of Labor and
Industrial Relations Disability Compensation Division (director)
regarding McLaren's request for attorney's fees and costs. On
appeal, McLaren raises several points essentially contending the
LIRAB erred in concluding his appeal was untimely and in refusing
to review the merits of the director's decision.

## I. BACKGROUND

McLaren represented a claimant in a workers' compensation case before the Department of Labor and Industrial Relations (DLIR) Disability Compensation Division. The case resulted in a stipulation and settlement agreement order declaring the workers' compensation award that the claimant would receive.

On March 1, 2010, McLaren filed with the DLIR a request for attorney's fees and costs in the amount of $7,105.52, pursuant to Hawaii Revised Statutes (HRS) § 386-94 (Supp. 2012). On June 8, 2010, the director approved McLaren's request in the reduced amount of $3,729.63. The decision informed McLaren he could appeal by filing a written notice of appeal with the director within twenty days after the mailing of a copy of the decision.

On September 7, 2010, McLaren appealed to the LIRAB from the director's June 8, 2010 decision. Before filing this appeal to the LIRAB, McLaren had also filed the following documents with the DLIR: a June 14, 2010 letter with the heading "Objection To Approval Of Attorney's Fees Dated June 8, 2010 And Request For Disability Compensation Division Hearing"; a June 28, 2010 Form WC-77 Application for Hearing; a July 19, 2010 Request to Access Government Records regarding the director's June 8, 2010 decision; and an August 4, 2010 letter repeating his request for a hearing and for access to records.

The LIRAB held a hearing on McLaren's appeal on December 16, 2010. On March 21, 2011, the LIRAB issued a decision and order concluding that McLaren's appeal to the LIRAB was untimely and that none of McLaren's earlier filings with the DLIR constituted timely appeals. Consequently, the LIRAB affirmed the director's June 8, 2010 decision. McLaren filed a timely motion for reconsideration to the LIRAB on April 20, 2011, contending the LIRAB "erroneously overlooked pertinent facts,

2

legal authority, and argument[.]" The LIRAB denied McLaren's motion on May 11, 2011, and McLaren filed a timely notice of appeal to this court on June 9, 2011.

## II. STANDARDS OF REVIEW

Appellate review of a LIRAB decision is governed by HRS § 91-14(g) [(2012 Repl.)], which states that:

Upon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:

(1) In violation of constitutional or statutory provisions; or

(2) In excess of the statutory authority or jurisdiction of the agency; or

(3) Made upon unlawful procedure; or

(4) Affected by other error of law; or

(5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Igawa v. Koa House Rest., 97 Hawai'i 402, 405-06, 38 P.3d 570, 573-74 (2001).

## III. DISCUSSION

HRS § 386-87 (1993) provides:

§386-87 **Appeals to appellate board.** (a) A decision of the director shall be final and conclusive between the parties, except as provided in section 386-89 [(Supp. 2012)], unless within twenty days after a copy has been sent to each party, either party appeals therefrom to the appellate board by filing a written notice of appeal with the appellate board or the department. In all cases of appeal filed with the department the appellate board shall be notified of the pendency thereof by the director.

HRS § 386-87(a). An order regarding the award or denial of attorney's fees and costs pursuant to HRS § 386-94 is a final order for the purposes of appeal in workers' compensation cases.

See Lindinha v. Hilo Coast Processing Co., 104 Hawai'i 164, 169, 86 P.3d 973, 978 (2004).

McLaren does not dispute that he filed his appeal from the director's June 8, 2010 decision to the LIRAB on September 7, 2010. The time for filing a notice of appeal to the LIRAB is mandatory. See Kissell v. Labor & Indus. Relations Appeal Bd., 57 Haw. 37, 549 P.2d 470 (1976) (addressing time to appeal under predecessor statute to HRS § 386-87). The LIRAB correctly concluded McLaren's appeal was untimely, and therefore his appeal of the director's decision was barred by HRS § 386-87(a).

McLaren's argument that his filings to the DLIR constituted applications to reopen the case pursuant to HRS § 386-89 (1993)[1] is without merit. The reopening of a case under HRS § 386-89 tolls the twenty-day time limitation for appealing the director's decision. Alvarez v. Liberty House, Inc., 85 Hawai'i 275, 278, 942 P.2d 539, 542 (1997); HRS § 386-87(a). However, HRS § 386-89 states in relevant part that the director may reopen a case "to permit the introduction of newly discovered evidence" or "on the ground that fraud has been practiced on the

---

[1]     HRS § 386-89 (1993) states, in pertinent part:

§386-89 **Reopening of cases; continuing jurisdiction of director.** (a) In the absence of an appeal and within twenty days after a copy of the decision has been sent to each party, the director of labor and industrial relations may upon the director's own motion or upon the application of any party reopen a case to permit the introduction of newly discovered evidence, and may render a revised decision.

(b) The director may at any time, either of the director's own motion or upon the application of any party, reopen any case on the ground that fraud has been practiced on the director or on any party and render such decision as is proper under the circumstances.

(c) On the application of any party in interest, supported by a showing of substantial evidence, on the ground of a change in or of a mistake in a determination of fact related to the physical condition of the injured employee, the director may . . . review a compensation case and issue a decision[.]

4

director or on any party[.]" HRS § 386-89(a), (b). None of McLaren's filings asserted newly discovered evidence or fraud. Therefore, the time for appealing the director's June 8, 2010 decision was not tolled.

With regard to McLaren's argument that a request for attorney's fees must be resolved by the Disability Compensation Division via a contested case hearing and the procedures that attach thereto, we disagree. As defined in HRS § 91-1 (2012 Repl.), a "'[c]ontested case' means a proceeding in which the legal rights, duties, or privileges of specific parties are required by law to be determined after an opportunity for agency hearing." (Emphasis added). McLaren points to no statute, rule or legal authority that requires his request for attorney's fees to be determined after an opportunity for an agency hearing. We also disagree to the extent that he suggests his due process rights have been infringed. McLaren had the opportunity pursuant to HRS § 386-87 to appeal the reduction of his attorney's fees request to the LIRAB, but he did not timely seek an appeal.

McLaren's remaining arguments are also without merit.

## IV. CONCLUSION

We affirm the Labor and Industrial Relations Board's March 21, 2011 "Decision And Order" and May 11, 2011 "Order Denying John C. McLaren's Motion For Reconsideration Of Decision And Order Filed March 21, 2011."

DATED: Honolulu, Hawai'i, June 27, 2013.

On the brief:
Arthur Y. Park
John C. McLaren
(Park & Park)
for Appellant.

Presiding Judge

Associate Judge

Associate Judge

5